# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                    **Case No. 8:15-CR-100-T-35MAP**

**RUBIANO ALBERTO GONZALEZ-PRECIADO**
_____/

## DEFENDANT'S MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM IN SUPPORT OF HIS REQUEST FOR A REASONABLE SENTENCE

COMES NOW, the Defendant, RUBIANO ALBERTO GONZALEZ-PRECIADO, by and through undersigned counsel, and files this sentencing memorandum in support of a sentence below the advisory guideline. Mr. Gonzalez-Preciado moves this Court for the imposition of a reasonable sentence which is no greater than necessary to comply with the purposes of sentencing enumerated in 18 U.S.C. §3553(a)(2). As grounds in support of this motion, Mr. Gonzalez-Preciado states the following:

## I.   MR. GONAZALEZ-PRECIADO'S BACKGROUND[1]

Mr. Gonzalez-Preciado is a 43-year-old Columbian native. After his parents split, his father took him to live with family friends because his father was a

---

[1] Background information is taken from the Presentence Report ("PSR") and interviews with Mr. Gonzalez-Preciado.

traveling salesman. He described the living situation as "very poor." Mr. Gonzalez-Preciado described his home as a "shack" made of wood, and although they eventually had electricity, they did not have running water and bathroom quarters were all outside. He stated that there was not a lot of food, but he was happy – especially when his father would come and visit him. Mr. Gonzalez-Preciado never attended school and he never learned to read or write Spanish. He was eager to learn and go to school, but his family didn't have the funds to allow him to pursue an education. Mr. Gonzalez-Preciado did not have a close relationship with his mother and he did not see her following his parents' separation again until he moved out on his own at the age of eighteen (18).

After moving out on his own, Mr. Gonzalez-Preciado worked cutting sugar cane, but eventually he became a fisherman, much like most of the residents in his village. Over the years, Mr. Gonzalez-Preciado never married, but he did have five children ranging in ages from 15 -28. He describes his relationship with his children as "strong" and notes that making sure they get an education is his number one priority. It was this motivation that led to his involvement in this case.

## II. PROCEDURAL HISTORY AND GUIDELINE CALCULATIONS

On April 8, 2015, the grand jury in the Middle District of Florida returned a two-count indictment charging Mr. Gonzalez-Preciado and two other co-defendants

with Count I - Conspiracy to Possess with the Intent to Distribute 5 kilograms or more of Cocaine and Count II – Possession with Intent to Distribute 5 kilograms or more of Cocaine, all in violation of 46 U.S.C. §§70503 (a) and 70506(a), 21 U.S.C. §960 (b)(1)(B)(ii) and 18 U.S.C. §2.

On June 11, 1015, Mr. Gonzalez-Preciado pled guilty to Count I, pursuant to a plea agreement, and the Court accepted his plea of guilty and adjudicated him guilty on June 29, 2015.

The probation officer correctly calculated Mr. Gonzalez-Preciado's advisory guideline range. PSR ¶¶20-29. With an offense level of 33, and a criminal history category I, Mr. Gonzalez-Preciado's guideline imprisonment range is **11 years, 3 months – 14 years**.

### III. MINOR ROLE

Mr. Gonzalez-Preciado should receive a 2-level reduction for minor role. Mr. Gonzalez-Preciado's role in this case was simply as a courier of the cocaine. He was not a leader or organizer, and he had no proprietary interest in the operation – he was paid only to transport the cocaine.

The seminal Eleventh Circuit case dealing with the determination of a mitigating role reduction, pursuant to U.S.S.G. §3B1.2, is *United States v. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999). In the *De Varon* case, the

3

Eleventh Circuit established a 2-part test for determining whether a defendant qualifies for a minor role reduction. *De Varon*, 175 F.3d at 934. As the Eleventh Circuit noted, "[f]irst, and foremost, the district court must measure the defendant's role against [his] relevant conduct, that is, the conduct for which [he] has been held accountable under U.S.S.G. §1B1.3." *Id*. The Eleventh Circuit further stated the second part of the test requires that "where the record evidence is sufficient, the district court may also measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant." *Id*.

The guideline involved in the issue of minor role is U.S.S.G. §3B1.2 and the new amendment to it is a more inclusive guideline provision for individuals like Mr. Gonzalez-Preciado. The proposed amendment to Application Note "3" reads as follows:

> 3. *Applicability of Adjustment.—*
>
> (A) <u>*Substantially Less Culpable than Average Participant.*</u>*—*
> *This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal act*
>
> *A defendant who is accountable under §1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in the* ~~concerted~~ *criminal activity* ~~is not precluded from consideration for~~ *may receive an adjustment under this guideline. For example, a defendant who is convicted of*

4

> *a drug trafficking offense, whose ~~role~~ participation in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored ~~is not precluded from consideration for~~ may receive an adjustment under this guideline.*
>
> *Likewise, a defendant who is accountable under §1B1.3 for a loss amount under §2B1.1 (Theft, Property Destruction, and Fraud) that greatly exceeds the defendant's personal gain from a fraud offense ~~and~~ or who had limited knowledge of the scope of the scheme ~~is not precluded from consideration for~~ may receive an adjustment under this guideline. For example, a defendant in a health care fraud scheme, whose ~~role~~ participation in the scheme was limited to serving as a nominee owner and who received little personal gain relative to the loss amount, ~~is not precluded from consideration for~~ may receive an adjustment under this guideline.*

The purpose of the mitigating role adjustment is to ensure that a low-level participant in a conspiracy does not receive the same sentence as a high-level participant in a conspiracy. Otherwise, based on the fact that all of the defendants in a conspiracy are held accountable for the total quantity of drugs involved, non-similarly-situated defendants would be receiving the same sentence despite the minor role that some of the defendants may have had. Since, Mr. Gonzalez-Preciado is being held for an amount of cocaine that places him at the same offense level as the owners and those charged with logistics, his role must be compared to all of the other participants of the group of

individuals. The amendment to the guidelines provides an edited non-exclusive list of factors to be considered:

> *(C)* *Fact-Based Determination.—The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case.*
>
> *In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:*
>
> > *(i) the degree to which the defendant understood the scope and structure of the criminal activity;*
> >
> > *(ii) the degree to which the defendant participated in planning or organizing the criminal activity;*
> >
> > *(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;*
> >
> > *(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;*
> >
> > *(i) the degree to which the defendant stood to benefit from the criminal activity.*
>
> *"For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline."*
>
> *"The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may*

6

> *receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity."*

In the present case, the factors weigh in favor of Mr. Gonzalez-Preciado's minor role status. Factually, Mr. Gonzalez-Preciado was paid a small amount by others in the conspiracy. Mr. Gonzalez-Preciado had no equity interest in the drugs. He had no role in planning the criminal scheme and absolutely no role in the ultimate distribution of the cocaine. Other factors supporting Mr. Gonzalez-Preciado's minor role status include the fact that he did not recruit any other participants; he had little knowledge of the scope of the broader conspiracy; and he reported to a larger player in the conspiracy. Distinctly, no one reported to him. Clearly, under these facts, Mr. Gonzalez-Preciado was less culpable than most of the participants. Specifically, he was less culpable than the loaders, the logistics people, the distributors, the purchaser of the cocaine, the seller of the cocaine or any other un-indicted co-conspirators. He was essentially a mule on a boat.

Based on the forgoing argument and legal authority, Mr. Gonzalez-Preciado's objections should be granted and he should receive a 2-level reduction for minor role. Such a result will be consistent with one of the main goals of the guidelines by insuring that (absent the mandatory 10 year sentence),

he does not receive the same sentence as individuals that are more culpable than him, thus running astray of the guiding goal that similarly-situated defendants should be punished similarly.

## IV.   REQUEST FOR A REASONABLE SENTENCE

Mr. Gonzalez-Preciado respectfully requests that this Court impose a sentence below the advisory guideline range, as "sufficient but not greater than necessary" to accomplish the purposes of sentencing. The Sentencing Guidelines are now, of course, advisory. *United States v. Booker*, 543 U.S. 220 (2005). Thus, although the recommended guideline range must be taken into account, this Court must follow the "parsimony provision" of 18 U.S.C. §3553(a), which is the "overarching" command of the statute. *Kimbrough v. United States*, 552 U.S. 85, 128 S. Ct. 558, 570 (2007). That provision provides that this Court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [§3553(a)]." Those purposes set forth in paragraph 2, are: "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in

the most effective manner." 18 U.S.C. § 3553(a)(2).

> ### A. The Nature and Circumstances of the Offense and the History and Characteristics of Mr. Gonzalez-Preciado [18 U.S.C. § 3553(a)(1)]

The history and characteristics of Mr. Gonzalez-Preciado, as well as the facts and circumstances of this case would justify a departure/variance. Mr. Gonzalez-Preciado is 43 years old, a simple man with a simple life. He is vulnerable because of his inability to read or write Spanish. Like many others in his country, he was struggling to make ends meet. His involvement in criminal conduct is limited to this offense. Mr. Gonzalez-Preciado was offered a job by an individual he had frequently encountered at the dock. He knew the job involved transporting cocaine and was promised a large sum of money for his assistance. Against his better judgment, Mr. Gonzalez-Preciado took the job – not in greed, but because he needed to fix his home that had become uninhabitable after the heavy rains and provide school fees for his children.

> ### B. To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense [18 U.S.C. §3553(a)(2)(A)]

Mr. Gonzalez-Preciado has accepted responsibility for his actions and acknowledged that his behavior was wrong. He related that he did not truly understand the consequences of his actions until he arrived in the United States, sat

9

in jail, and had an opportunity to reflect on his actions. Mr. Gonzalez-Preciado is already thinking about ways he can make a better life for himself and his family. He is committed to using the time he is incarcerated to learn to read and write Spanish. He would also like to learn a trade that could help improve his chances of employment once he is returned to his country. Prisons are good for punishing, and Mr. Gonzalez-Preciado understands the need for punishment; however, he is a first time offender, he is not a violent and he will eventually be returned to his country. For Mr. Gonzalez-Preciado, the punitive purpose of sentencing can be achieved with a below-range sentence.

## **CONCLUSION**

After consideration of the factors enumerated in 18 U.S.C. §3553(a), this Court should find that a sentence below the advisory guideline range is "sufficient but not greater than necessary to achieve the purposes of sentencing." Mr. Gonzalez-Preciado requests that a sentence at the statutory minimum is more than reasonable in this case.

DATED this 1st day of September, 2015.

Respectfully submitted,

DONNA LEE LEM
FEDERAL DEFENDER

*/s/ Yvette C. Gray*
Yvette C. Gray
Bar No. 016516 (Arizona)
Assistant Federal Defender
400 N. Tampa Street, Suite 2700
Tampa, Florida 33602
Phone: (813)228-2715
Fax: (813)228-2562
Email: Yvette_Gray@fd.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of September, 2015, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to the following:

Walter E. Furr III, AUSA

*/s/ Yvette C. Gray*
Yvette C. Gray
Assistant Federal Defender